IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Ronald A. Symdon,                                                                 Chapter 13

           Debtor.                                                     Case No. 13-14692

MEMORANDUM DECISION

      In Ronald Symdon's 2012 chapter 7 case, Balisle & Roberson, S.C. ("Balisle") filed an adversary proceeding to except from discharge $70,000.00 in attorneys' fees incurred representing Debtor's ex-wife in their divorce proceedings. That debt was held to be non-dischargeable under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15). On September 24, 2013, Symdon filed this chapter 13 case. Balisle filed a priority claim for the $70,000.00 and Symdon objected to the claim being given priority under 11 U.S.C. § 507(a)(1)(a) contending that it does not constitute a domestic support obligation as defined at 11 U.S.C. § 101(14A).

      Debtor Ronald Symdon and Peggy Symdon divorced in 2009. The issues related to the divorce were decided by an arbitrator who submitted, *inter alia*, a marital balance sheet reflecting the arbitral resolution of property division issues dated May 24, 2010, and an Arbitration Decision on Financial Support dated July 11, 2010. Under the property division section of the Findings of Fact, Conclusions of Law and Judgment of Divorce, Ronald was required to make a "cash contribution to Peggy's attorneys' fees in the amount of $70,000.00" to Balisle. The fees are also listed in the next section of the judgment, "Financial Obligations", this section of the judgment provides "Each of the parties shall be responsible for the following obligations, and each shall hold the other harmless for the payment thereof."

1

A September 7, 2012, order of this court stated:

> IT IS HEREBY ORDERED, that the obligation of the Debtor to pay to the Plaintiff $70,000 of attorney's fees incurred in the Debtor's divorce, as ordered in the Findings of Fact, Conclusions of Law and Judgment of Divorce in Dane County Case No. 09-FA-0331 is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and pursuant to 11 U.S.C. § 523(a)(15).

Debtor claims that holding non-dischargeability under either of the listed sections would have sufficed to provide the relief sought and that the inclusion of 11 U.S.C. § 523(a)(5) was unnecessary, unsupported by the record, erroneous, and misleading. Section § 523(a)(5) of the Bankruptcy Code provides that "discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- (5) for a domestic support obligation." 11 U.S.C. § 523(a)(5).

Section § 507(a)(1) of the Bankruptcy Code gives first priority to "[a]llowed unsecured claims for domestic support obligations." Debtor argues that the 2012 order does not preclude this court from revisiting the issue of whether the debt is a "domestic support obligation" entitled to priority (and, thus, full payment) in a chapter 13 plan. He argues that collateral estoppel does not apply in this case because the previous bankruptcy case was brought under chapter 7 and the order entered was essentially a default judgment.

For collateral estoppel to apply, four elements must be met:

> (1) the issue sought to be precluded must be the same as that involved in the prior action,
> (2) the issue must have been actually litigated,
> (3) the determination of the issue must have been essential to the final judgment, and
> (4) the party against whom estoppel is invoked must be fully represented in the prior action.

2

*La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905-06 (7th Cir. 1990). Therefore, to determine if collateral estoppel is applicable, the court must first determine if each case addresses the same issue.

In Debtor's chapter 7 case, 11 U.S.C § 727(b) was at issue. Under 11 U.S.C. § 727 (b), "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...". On the other hand, for non-dischargeability in a chapter 13 case, 11 U.S.C. § 1328(a) provides:

> ...as soon as practicable after completion by the debtor of all payments under the plan... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except for any debt –
> ...(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);

Essentially, divorce awards under 11 U.S.C. § 523(a)(5) and (a)(15) are non-dischargeable in chapter 7; but, only an obligation under § 523(a)(5) is non-dischargeable in a chapter 13 case. Therefore, if this court had clearly found non-dischargeability pursuant only to § 523(a)(5) in the first case, that would qualify as the same issue for the second case. However, this court found the attorneys' fees were non-dischargeable under both § 523(a)(5) and (a)(15), causing inclusion of 11 U.S.C. § 523(a)(5) to be superfluous or at least ambiguous considering the fact those sections are mutually exclusive. Consequently, this finding was not essential to the final judgment.

Because there is no specific finding of fact to which collateral estoppel would attach, the unstated inference supporting the conclusion of law as to § 523(a)(5) in the judgment may not take on that status. Thus, inquiry into the factual basis for the characterization of the attorney fee obligation as a domestic support obligation is not precluded.

3

A "domestic support obligation" is defined in the code, 11 U.S.C. § 101(14A), as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or…

Although § 523(a)(5) applies on its face only to debts "owed to" or "recoverable by" a debtor's spouse, former spouse, child, or other enumerated parties, most seventh circuit courts have not read the provision literally. *In re Rios,* 901 F.2d 71, 72 (7th Cir. 1990); *In re Papi,* 427 B.R. 457, 462 (Bankr. N.D. Ill. 2010). Indeed, bankruptcy courts in the Seventh Circuit have held non-dischargeable awards of attorneys' fees incurred by a spouse, former spouse, or child in dissolution or support litigation, notwithstanding a provision for direct payment to the attorney. *In re Papi,* 427 B.R. 457; *In re Hying,* 2012 WL 243760 (Bankr. E.D. Wis. Jan. 25, 2012). Courts arriving at this conclusion seem to focus on the nature/purpose of the attorneys' fees rather than the obligee.

*In re Papi* held that attorney's fees owed by the debtor to the attorney who represented the debtor's former spouse in dissolution proceedings were non-dischargeable under § 523(a)(5), because the proceedings were "clearly for both the [former spouse] and her child's benefit and support." *In re Papi,* 427 B.R. at 464. Likewise *In re Hying* determined that attorneys' fees arising out of post-divorce contempt proceedings were non-dischargeable. *In re Hying,* 2012 WL 243760. The court held that the contribution to the attorneys' fees was non-dischargeable under the liberal, majority interpretation of a debt "owed to or recoverable by debtor's former spouse" and "in the nature of alimony, maintenance, or support." *Id.* at *3. Additionally, the court also

held that "even if the legal fees ordered to be paid to the plaintiff did not fit the definition of a domestic support obligation for purposes of § 523(a)(5), they are nevertheless nondischargeable under § 523(a)(15)." *Id.* at *4.

More compelling than the reasoning of those cases is the plain meaning of the words in the code, limiting claims to people in the specified class. *In re Brooks* held that "a law firm may not assert a claim for nondischargeable attorney's fees as either a "domestic support obligation" under section 523(a)(5) or a divorce-related debt under section 523(a)(15)." *In re Brooks*, 371 B.R. 761, 768 (Bankr. N.D. Tex 2007). Similarly *In re Watson* notes that "[a] predicate for a 'domestic support obligation' is that the debt is 'owed to or recoverable by [a person or entity described in 11 U.S.C. § 101(14A)(A)(i)']." *In re Watson*, 402 B.R. 294, 298 (Bankr. N.D. Ind. 2009).

The trend of classifying attorney's fees as non-dischargeable under 11 U.S.C. § 523(a)(5) dates back to pre-BAPCPA case precedent and most courts currently deciding this way rely on pre-BAPCPA cases. However, *In re Brooks* addresses this issue fairly well:

> When Congress amends statutes, it is presumed to be knowledgeable about existing case law pertinent to the legislation it enacts. *U.S. v. Phillips*, 19 F.3d 1565, 1581 (11th Cir.1994); see also In re *Air Crash Disaster Near Peggy's Cove*, Nova Scotia on September 2, 1998, 210 F.Supp.2d 570, 575 (E.D.Pa.2002). The issue of whether attorneys' fees incurred in connection with spousal or child support are non-dischargeable is not a novel one. See, e.g., In re *Dvorak*, 986 F.2d 940 and In re *Snider*, 62 B.R. 382. Yet, in going out of its way to define, in newly enacted section 101(14A), the list of entities (i.e., the entities specified in the statute) that may assert claims related to a "domestic support obligation," Congress did not add attorneys to this list, though it certainly could have.

*In re Brooks,* 371 B.R. at 768. Essentially, despite pre-BAPCPA cases, Congress chose not to include attorneys in the list of entities that could recover domestic support obligations

notwithstanding discharge. Consequently, the plain language interpretation does not include fees owed to attorneys. The analysis might be different if the fees had been paid to the attorneys and the amount paid claimed by the payor.

In this case, the record suggests that the attorneys' fees were owed directly to Balisle and therefore, do not fit the class of obligations included in the definition of a "domestic support obligation" because Balisle is not a spouse, former spouse, etc.

For the reasons stated herein, the claim of priority for the debt owed Balisle must be denied. It may be so ordered.

Dated: October 3, 2014

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE